**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KAYLA HUBBARD, | Case No. 1:25-cv-632 |
| Plaintiff, | Cole, J. |
| | Bowman, M.J. |
| v. | |
| CHIME FINANCIAL, INC. et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On August 29, 2025, Plaintiff, proceeding pro se, filed an application seeking to proceed *in forma pauperis*, together with a complaint that alleges a violation of the Electronic Fund Transfer Act and breach of contract against two entities. For the reasons that follow, the undersigned recommends the sua sponte dismissal of Plaintiff's complaint.

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous

when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*,

478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**II. Analysis**

Plaintiff's complaint fails to contain sufficient factual content to state a plausible claim against either Defendant under the Electronic Fund Transfer Act ("EFTA"). In addition to recommending dismissal of the EFTA claims, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the state law breach of contract claims.

**A. Summary of Allegations**

Plaintiff's complaint alleges that she is a resident of Ohio. She alleges that Defendant Chime Financial, Inc. ("Chime") is a financial technology ("fintech") company incorporated in Delaware with a principal place of business in San Francisco, California, and that Defendant The Bancorp Bank, N.A. ("Bancorp") is a national bank with a principal charter location in Sioux Falls, South Dakota. (Doc. 1-1, ¶¶ 3-5.) Although the parties are diverse, Plaintiff alleges that the amount in controversy is only $4,500 – well below the threshold required for diversity jurisdiction. But because Plaintiff asserts that the Defendants violated federal law, she asserts the existence of federal question jurisdiction under 28 U.S.C. § 1331.

3

Plaintiff alleges that on February 26, 2025, she initiated an electronic fund transfer ("EFT") "through Chime in the amount of $ 4,500," but that the funds were never credited to the intended recipient or returned to her account. (*Id.*, ¶¶ 6-7.) Plaintiff does not identify the intended recipient. Nor does Plaintiff identify which "account" the EFT was initiated from, leaving it unclear whether the funds were transferred by Chime from a Chime account or from a Bancorp account.

In any event, Plaintiff alleges that she "promptly notified Chime" through "correspondence and calls" in an attempt to resolve the issue "but received no adequate explanation or resolution." (*Id.*, ¶ 8.) She does not separately allege that she notified Defendant Bancorp. Nevertheless, she alleges that both Defendants "failed to investigate or resolve Plaintiff's dispute within the time required" under 15 U.S.C. § 1693f. (*Id.*, ¶ 9.) And she alleges that both Defendants "engaged in prolonged delay, misleading communication, and failed to recredit Plaintiff's account." (*Id.*, ¶ 10.)

The complaint ends with two specific claims asserted against each of the two Defendants (four claims in all). In Count 1, Plaintiff alleges that both Defendants violated the EFTA by failing to conduct a timely good-faith investigation of her dispute, by failing to provide a written explanation of the outcome of any investigation, and by failing to recredit her account pending resolution. (*Id.*, ¶ 13.) In Count 2, Plaintiff alleges that she and both "Defendants had a contractual relationship via the Chime banking agreement," and that both Defendants "breached their obligations under that contract by failing to process the transfer properly or return Plaintiff's funds." (*Id.*, ¶ 16.)

**B. Plaintiff's Allegations Fail to State a Plausible EFTA Claim**

Plaintiff's allegations against both Defendants are filled with legal conclusions but are so strikingly devoid of factual allegations to support those conclusions that they fail to state any plausible claim under the EFTA. The recent case of *Lumbus v. Huntington Bank*, No. 1:25-cv-190-PAB, 2025 WL 2391456 (N.D. Ohio Aug. 18, 2025), provides persuasive guidance in evaluating the adequacy of Plaintiff's allegations in this case. In *Lumbus*, a pro se plaintiff alleged that he had notified his bank of unauthorized and fraudulent Zelle transactions. He ultimately sued his bank as well as Early Warning Services, LLC ("EWS"), a fintech company that operates the Zelle platform.

The court first dismissed the plaintiff's claims against EWS on grounds that the plaintiff had failed to plausibly allege that the fintech company was a "financial institution" subject to the EFTA. *Lumbus*, 2025 WL 2391456, at *5. In the case presented, Plaintiff alleges that Chime is a "financial technology company" but does not allege that it qualifies as a "financial institution" that is subject to the EFTA.

The *Lumbus* court also pointed out that the plaintiff had failed to allege that he held an "account" with the fintech company as that term is used in the EFTA, which is a necessary predicate for any claim. *Id*. Similarly in this case, despite implying a relationship with the Defendant Chime, Plaintiff never specifically alleges that she had an account with *either* Defendant. To the contrary, *in forma pauperis* she application denies the existence of a current account with either Defendant.[1] And with respect to Defendant Bancorp, her

---

[1] Plaintiff's *in forma pauperis* application declares under penalty of perjury that she does not have any accounts with any "financial institution" other than a checking account with "Discover" that contains 78 cents. (Doc. 1, PageID 2.) In other words, as of August 29, 2025, Plaintiff affirmatively represents that she does not have an account either with Chime or at Bancorp.

5

complaint alleges only that the bank "provides banking services to Chime customers." (*Id.*, ¶ 5.)

Plaintiff alleges that she initiated an ETF transaction through Chime but offers no other details, such as whether the transaction was to a third party or to Bancorp.[2] She alleges that she "promptly" notified Chime of a problem with the February transaction. But other than a vague reference to "correspondence and calls," she does not provide details of the dates of such notice(s) or to whom notice was directed. And she fails to allege what type- if any - notice she provided to Bancorp, or when.

Plaintiff's conclusory allegations are insufficient to allege that she complied with the EFTA notice provisions. In *Lumbus*, the court summarized those provisions.

> "[T]he EFTA and its implementing regulation [Regulation E] contain specific notice requirements with which the consumer must comply before the financial institution is required to take action." *Ghalchi v. U.S. Bank, N.A.*, 2015 WL 12655402 at *8 (C.D. Cal. Jan. 8, 2015). "Under the EFTA, a financial institution has a duty to investigate alleged errors after the consumer has given the institution notice of the error." *Hernandez v. Rodriquez*, 2014 WL 11515008 at *3 (D. Ariz. Apr. 30, 2014). "A complaint that doesn't allege that a consumer provided timely notice doesn't state a claim under the EFTA." *Beaman v. Bank of Am., N.A.*, 2024 WL 3219224 at *12 (D.N.J. June 28, 2024) (quoting *In re Bank of Am. California Unemployment Benefits Litig.*, 674 F. Supp. 3d 884, 906 (S.D. Cal. 2023)). Thus, to state a claim under the EFTA for a failure to investigate an error with a consumer's account, a plaintiff must plead facts indicating that he complied with the EFTA's error resolution process under the EFTA and Regulation E. *See Savage v. Chase Bank*, 2019 WL 4413053 at *2-3 (S.D. Ohio Sept. 16, 2019) (citing *Cifaldo v. BNY Mellon Inv. Serv. Trust Co.*, 2017 WL 6513342 at *1-2 (D. Nev. Dec. 19, 2017)) ("The EFTA contains an error resolution process which obligates consumers to report transfer errors to financial institutions within 60 days after having been transmitted the written documentation containing the error."). Additionally, under § 1693m(g) "any action under this section may be brought in any United States district court,

---

[2] In the *in forma pauperis* application, Plaintiff provides additional context about the transaction. She states in her application that she has been unable to work "[b]ecause Chime failed to return my $ 4,500 I was unable to fix my vehicle and had to junk because City was going to tow it." (Doc. 1 at PageID 5.) The undersigned infers from that statement that the intended recipient may have been a third party automobile repair shop. But it is equally possible that the ETF transfer was between Chime and Bancorp.

6

> or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1693m(g).

*Lumbus*, 2025 WL 2391456, at *7. In that case, the court granted the bank's motion to dismiss the plaintiff's EFTA claim based on Lumbus's failure to plead "sufficient facts showing that he complied with the EFTA's error resolution process or that Huntington failed to investigate or credit his account." *Id.*, at *8.

Notably, the plaintiff in *Lumbus* provided far more factual support for his allegation of notice to the bank than Plaintiff here. By attaching the bank's communication, he showed that he had provided notice within 60 days of the disputed transaction, and confirmed that the bank was able to identify his name and account number. *Id.* Here, by contrast, Plaintiff does not include *any* facts that her allegedly "prompt[]" oral or written notice was in fact timely or adequate for each defendant to identify the disputed transaction, including Plaintiff's name and account number – even assuming that she held accounts with each Defendant.

Despite his inclusion of allegations to support the inference that he had notified the bank within the requisite 60 day period, the *Lumbus* court still dismissed the plaintiff's EFTA claims because Lumbus had failed to allege "which investigatory obligation under 12 C.F.R. § 1005.11(c) Huntington violated." *Lumbus*, 2025 WL 2391456, at *9. As that court explained, such factual details are important to provide fair notice to the bank of the nature of the plaintiff's claims beyond a mere "failure to investigate" under the EFTA.

> [E]ach of those obligations depends on the financial institution's failure to act within a certain timeframe. Without any pleading regarding the timeliness of Huntington's investigations and reports after Lumbus provided notice, the Complaint is devoid of facts showing that Huntington failed to "investigate *promptly*[,]" "determine whether an error occurred *within 10 business days* of receiving a notice of error[,]" "report the results to the consumer *within three business days* after completing its investigation," or

7

> "correct the error within *one business day* after determining that an error occurred." *Id.* § 1005.11(c)(1) (emphasis added).
>
> Additionally, Lumbus's allegations do not support his conclusion that Huntington failed to "adequately investigate the unauthorized Zelle transactions[.]" …) Because the errors alleged by Lumbus were transfers to third-parties (i.e., Woods, Elisha Harrison, Bernard Holcombe, and "Troy jones"), and because the Complaint does not show that there was an agreement between Huntington and any of those individuals regarding the "type of electronic fund transfer involved," Huntington's "review of its own records" satisfied its obligations under 12 C.F.R. §§ 1005.11(c)(4)(i)-(ii) to investigate the fraudulent transactions.

*Id.* (internal citations to the record and footnote omitted).

The *Lumbus* court also dismissed the plaintiff's separate claim that the bank had failed to credit his account based on the inadequacy of supporting factual allegations.

> Lumbus also faults Huntington for its "refusal to credit Plaintiff's account[,]" but Huntington's obligation to "correct the error" by crediting his account under § 1005.11(c)(1) would only have arisen "after determining that an error occurred[,]" yet Lumbus alleges that Huntington found that an error did *not* occur, and he merely disputes the accuracy of Huntington's conclusion. …Additionally, Huntington's obligation to extend *provisional* credit to Lumbus under § 1005.11(c)(2) would only have been triggered "if the financial institution is unable to complete its investigation within 10 business days" after it received notice, but as noted above, Lumbus has not alleged that Huntington took longer than ten (10) days to investigate or otherwise failed to timely investigate an alleged error. *Id.* § 1005.11(c)(1)-(2).

*Id.*, 2025 WL 2391456, at *10.

In the instant case, Plaintiff provides far less information and factual support for her EFTA claims against either Defendant than did the plaintiff in *Lumbus*. She alleges only that she "received no adequate explanation or resolution" from Chime after notifying Chime of her dispute, and that both Defendants "failed to investigate or resolve" her dispute "within the time required" under the EFTA. *Doc. 1-1, ¶¶ 8-9). And she generally charges – without including *any* factual details - that both Defendants "engaged in prolonged delay, misleading communication, and failed to recredit" her unspecified

8

"account." (*Id*., ¶ 10). In short, Plaintiff's complaint consists of little more than "a formulaic recitation of the elements of a cause of action" under EFTA, and therefore fails to state a plausible claim. *See Twombly*, 550 U.S. at 555.

### C. The Court Should Decline Supplemental Jurisdiction Over State Law Claim

At least arguably, Plaintiff's breach of contract claim against both Defendants is equally devoid of factual support. But even assuming that Plaintiff's sparse allegations are sufficient to state a breach of contract claim against each of the two Defendants, such claims would arise only under state law.

As previously discussed, the Court lacks diversity jurisdiction because the amount in controversy is only $4,500.00. *See* 28 U.S.C. § 1332. In light of the recommended dismissal of the sole federal claim on which jurisdiction is based under 28 U.S.C. § 1331, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over any related breach of contract claims. *See*, *generally*, 28 U.S.C. § 1367(c)(3). In the interests of justice, dismissal of Plaintiff's state law claims should be without prejudice.

### III. Conclusion and Recommendation

Plaintiff's complaint fails to state a claim. Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's EFTA claim(s) be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. **IT IS FURTHER RECOMMENDED THAT** Plaintiff's breach of contract claim(s) be dismissed without prejudice for lack of subject matter jurisdiction.

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAYLA HUBBARD,

    Plaintiff,

    v.

CHIME FINANCIAL, INC. et al.,

    Defendants.

Case No. 1:25-cv-632

Cole, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).