## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**KAYLA HUBBARD,**

      **Plaintiff,**

                  **Case No. 1:25-cv-632**

      v.

**CHIME FINANCIAL, INC., et al.,**      **JUDGE DOUGLAS R. COLE**
                             **Magistrate Judge Bowman**

      **Defendants.**

### OPINION AND ORDER

Exercising her screening authority under § 1915(e), the Magistrate Judge issued an R&R in which she recommends dismissing the two claims Plaintiff Kayla Hubbard asserts in this action, one with prejudice and one without. (R&R, Doc. 4, #27). Specifically, the R&R first recommends the Court dismiss Hubbard's Electronic Funds Transfer Act (EFTA) claim with prejudice for failure to state a claim. (*Id.*). Then, it recommends the Court dismiss the state-law breach of contract claim without prejudice for lack of subject-matter jurisdiction. (*Id.*). Hubbard objected, (Doc. 5), and separately moved for leave to serve Defendant Chime Financial, Inc., via alternative means, (Doc. 6). For the reasons set forth below, the Court **OVERRULES** Hubbard's Objections (Doc. 5) and **ADOPTS** the R&R's substantive conclusions, (Doc. 4). However, the Court modifies the relief and ultimately **DISMISSES** all claims **WITHOUT PREJUDICE**. Then, given the dismissal, the Court **DENIES** the motion for leave to serve, (Doc. 6), **AS MOOT**.

## BACKGROUND

Hubbard's claims are fairly straightforward, although light on details. On February 26, 2025, she attempted to transfer $4,500 via Chime's platform. (Compl., Doc. 3, #15). Instead, she says, Chime basically confiscated the funds; "[t]he transferred funds were never credited to the intended recipient, nor were they returned to Plaintiff's account." (*Id*.). Hubbard alleges she attempted to address the issue with Chime, but to no avail. (*Id*.). Rather, she says that "Defendants engaged in prolonged delay, misleading communication, and failed to recredit Plaintiff's account." (*Id*.).

So Hubbard decided to sue Chime. (*See generally id*.). And she also elected to sue The Bancorp Bank, N.A., which provides background banking services for Chime. (*Id*. at #14). On August 29, 2025, she moved for leave to proceed in forma pauperis. (Doc. 1). There, she provided additional factual detail about the transfer at issue. Specifically, Hubbard states that she "ha[s]n't been able to work without a vehicle because Chime failed to return my $4,500[.] I was unable to fix my vehicle and had to junk [it] because [the] City was going to tow it." (*Id*. at #5).

On September 9, 2025, the Magistrate Judge granted the motion to proceed IFP, (*see* Doc. 2), and ordered Hubbard's Complaint filed on the docket, (*see* Doc. 3). The Complaint asserts two claims against both Defendants. (*Id*. at #15). First, Hubbard asserts that Defendants violated the EFTA, 15 U.S.C. § 1693 et seq., because they failed to adequately investigate her claim or explain the result of any investigation. (*Id*.). Additionally, Hubbard claims they did not credit her account in the interim, as the EFTA requires. (*Id*.). Second, she brings a claim for breach of

2

contract under Ohio law, alleging that Defendants did not fulfill their obligations as set forth in the Chime banking agreement. (*Id.*).

The same day she ordered the Complaint filed, Magistrate Judge Bowman issued an R&R screening the Complaint based on her authority under 28 U.S.C. § 1915(e)(2). (Doc. 4). There, she recommends the Court dismiss Hubbard's Complaint. (*Id.* at #27). The Magistrate Judge focused primarily on Hubbard's EFTA claim. (*See id.* at #23–27). She concluded that Hubbard failed to state a claim for relief because the Complaint was "strikingly devoid of factual allegations to support" the legal claim. (*Id.* at #23). As examples of the factual deficiencies, the Magistrate Judge highlighted how Hubbard provided no details regarding the transfer, such as who should have received the transfer, or any information about her notifying Chime or Bancorp about the problem besides vague references to "correspondence and calls." (*Id.* at #24). The R&R found that such details are needed to adequately plead an EFTA claim, so Hubbard's claim fell short. (*Id.* at #23–27 (citing *Lumbus v. Huntington Bank*, No. 1:25-cv-190, 2025 WL 2391456 (N.D. Ohio Aug. 18, 2025))). Accordingly, the R&R recommends dismissal of the EFTA claim with prejudice. (*Id.* at #27).

That recommended dismissal also had knock-on effects on the breach of contract claim. Specifically, with the federal claim dismissed, the Magistrate Judge concluded that the Court lacked subject-matter jurisdiction over the remaining state-law breach of contract claim. (*Id.*). That was because the amount in controversy is $4,500, far below the $75,000 threshold for diversity jurisdiction. (*Id.*). Thus, the

state-law claim was in federal court only by virtue of supplemental jurisdiction. (*Id.*). But, with the underlying federal claim gone, the R&R suggests that, consistent with 28 U.S.C. § 1367, the state-law claim should be dismissed for re-filing in state court if Hubbard wishes. (*Id.*).

The R&R also advised Hubbard that she had fourteen days to file specific written objections, (*Id.* at #28), which Hubbard timely filed, (Doc. 5). In those objections, Hubbard disputed that the EFTA claim was insufficiently pleaded. (*Id.* at #29). While Hubbard notes that the R&R also recommended dismissal of the breach of contract claim, she does not object to that conclusion.[1] (*See id.*). As for the EFTA claim, instead of disagreeing with any portion of the Magistrate Judge's analysis, Hubbard supplemented her factual allegations. Indeed, she offered far greater detail than the Complaint had provided, including attaching exhibits consisting of her correspondence with Defendants (and even with police) regarding the alleged theft. (*Id.* at #30–31 (allegations), 32–58 (exhibits)).

Separately, on October 6, 2025, Hubbard also moved to serve Chime via alternative means because her previous two attempts at service by certified mail had failed. (Doc. 6). She does not mention any service or attempts to serve Bancorp though.

---

[1] That said, if the Court were to agree with Hubbard and reject the R&R's recommendation to dismiss the federal claim, then of course the state-law claim would once again properly be here under supplemental jurisdiction.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo requirement extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, here, Hubbard is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient

5

treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

The Court begins by noting that Hubbard's objections are close to the kind of general objections that do not trigger de novo review. She does not cite to any specific portion of the R&R, but rather generally "contends that the EFTA claim is sufficiently pleaded and supported by documentary evidence showing Chime's failure to comply with its obligations under the Act." (Doc. 5, #29). The problem is that Hubbard only provides that documentary evidence in her objections, not her Complaint. (*Id.* at #30–31).

The Court concedes that these additional factual allegations could be seen as responsive to the problems the Magistrate Judge raised, i.e., the lack of detailed information. But those new allegations are not specific objections to a portion of the Magistrate Judge's analysis. And generally, "'issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived.'" *Morgan v. Trierwiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). To the extent the Court has discretion

6

to consider additional evidence, *see Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. 2009) (citations omitted); Fed. R. Civ. P. 72(b)(3) ("The district judge may … receive further evidence."), the Court declines to exercise it. Rather, the more appropriate place to assert new factual allegations would be in an amended complaint, which, as described later below, the Court will provide Hubbard an opportunity to file.

That said, given that Hubbard is proceeding pro se, the Court liberally construes her objections and elects to review de novo the portion of the R&R addressing the EFTA claim. To be clear, the Court will not consider the newly-raised allegations in its review, but it will evaluate the original Complaint de novo. But that review does not change the ultimate result.

**A.    Hubbard Fails to State a Plausible EFTA Claim.**

The Court agrees with the Magistrate Judge that the Complaint fails to allege key elements of an EFTA claim. First, "'because the EFTA governs the conduct of financial institutions, the plaintiff's complaint must plausibly allege that each Defendant is a financial institution.'" *Lumbus*, 2025 WL 2391456, at *5 (cleaned up) (quoting *Edson v. Wells Fargo Bank N.A.*, No. 3:24-cv-635, 2025 WL 890737, at *2 (N.D. Fla. Mar. 5, 2025)). The EFTA defines a financial institution as "a State or National Bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person who, directly or indirectly, holds an account belonging to a consumer." 15 U.S.C. § 1693a(9). In *Lumbus*, for example, the court analyzed whether Early Warning Services, LLC (EWS), which

7

operates Zelle, was a financial institution. 2025 WL 2391456, at *4–5. It determined that EWS was not a financial institution for purposes of the EFTA because the plaintiff did not maintain an account with EWS. *Id.* at *5. Rather, EWS only facilitated withdrawals from the plaintiff's account at Huntington Bank. *Id.* Accordingly, a plaintiff must allege that he or she had an account with that institution. *Id.* Finally, "to state a claim under the EFTA for a failure to investigate an error with a consumer's account, a plaintiff must plead facts indicating that [she] complied with the EFTA's error resolution process under the EFTA and Regulation E." *Id.* at *7 (citing *Savage v. Chase Bank*, No. 2:19-cv-3806, 2019 WL 4413053, at *2–3 (S.D. Ohio Sep. 16, 2023)).

Hubbard goes zero for three. She fails to adequately allege that Defendants are financial institutions for purposes of the EFTA, that she had an account with them, or that she engaged in proper notice procedures. Starting with the financial institution element, she only alleges that Chime is a "financial technology company" and that Bancorp is a "national bank." (Doc. 3, #14). While that may suffice as to Bancorp, *see* 15 U.S.C. § 1693a(9), it is far from clear that her allegation renders Chime a financial institution as the statute uses that term. As a financial technology company, Chime may be more akin to EWS where it only facilitates transactions as opposed to maintaining any kind of checking or savings account for consumers. *See id.* § 1693a(2) (defining account). In fact, Hubbard alleges that she attempted a transfer via Chime, which seems similar to the Zelle transaction at issue in *Lumbus*. (Doc. 3, #15).

8

Building on the account issue, the Magistrate Judge correctly notes that Hubbard does not allege that she had an account with either Defendant. (Doc. 4, #23). Additionally, the IFP application required Hubbard to list all of her accounts, and she did not include a Chime or Bancorp account. (Doc. 1, #2). True, she alleges that Chime failed to return the allegedly stolen funds to her "account." (Doc. 3, #15). But that does not mean that she alleged that Chime maintained a statutorily-relevant type of account. In short, she simply does not allege enough details to allow the Court to make such a determination.

Turning to the notice element, Hubbard comes closer. She alleges that she "promptly notified Chime and made multiple attempts to resolve the issue, including correspondence and calls." (*Id.*). Further, "Defendants failed to investigate or resolve [her] dispute within the time required by the EFTA," and instead "engaged in prolonged delay, misleading communication, and failed to recredit [her] account." (*Id.*). But, while Hubbard provides the most information on this front, she still fails to allege critical details. She doesn't say, for example, *when* she notified Chime, *who* she communicated with, or *how* she engaged in the error resolution process. And as for Bancorp, she does not allege that she ever attempted to notify it at all.

The paucity of allegations here leads the Court to conclude that she failed to state a plausible claim under the EFTA. That said, the Court disagrees with the Magistrate Judge's recommendation to dismiss *with prejudice*. In light of the additional information that Hubbard has now provided in her objections (information that the Magistrate Judge did not have available to her), it seems at least plausible

9

that Hubbard may be able to cure the deficiencies the R&R notes. Accordingly, the Court will dismiss this claim without prejudice and allow Hubbard to attempt to remedy these deficiencies.

**B.    The Court Declines to Exercise Supplemental Jurisdiction over the Breach of Contract Claim.**

Now turn to the unobjected portion of the R&R. The Magistrate Judge recommended dismissing the breach of contract claim for lack of subject-matter jurisdiction. (Doc. 4, #27). While Hubbard mentions this conclusion in her objections, she does not respond to it. (*See* Doc. 5, #29). So the Court only reviews this conclusion for clear error.

The Magistrate Judge did not err in recommending the Court decline jurisdiction over this claim. The Court does not possess diversity jurisdiction because the amount in controversy is only $4,500. (Doc. 4, #27). Instead, the Court had supplemental jurisdiction under 28 U.S.C. § 1367 based on the EFTA claim. But because the Magistrate Judge recommended dismissing that claim, she found that the Court should decline to exercise supplemental jurisdiction over the state-law breach of contract claim. (*Id.*). The Court agrees that, if the EFTA claim is not going forward, the Court should dismiss the state-law claim for lack of jurisdiction. So, as things stand, the Court will dismiss her state-law claim without prejudice. If she successfully repleads the EFTA claim, however, she can include this state-law breach of contract claim as well.

**C.     The Court Denies the Motion for Alternative Service as Moot.**

Hubbard also moved to serve Chime via alternative means after two failed attempts at service. (Doc. 6). Because the Court dismisses the Complaint, it denies this motion as moot. If Hubbard moves to amend her Complaint though, the Court encourages Hubbard to serve Chime at the address listed on the Delaware Secretary of State's website.

## CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Hubbard's Objections (Doc. 5) and **ADOPTS** the R&R (Doc. 4). The Court, however, alters the relief and instead **DISMISSES** Hubbard's Complaint (Doc. 3) **WITHOUT PREJUDICE**. Because Hubbard could perhaps cure the above-mentioned deficiencies as to her EFTA claim with additional factual allegations, she may move for leave to amend her complaint, attaching the proposed amended complaint, within 30 days of this Opinion and Order.[2]

**SO ORDERED.**

May 4, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[2] In her objections to the R&R, Hubbard includes screenshots from her Chime app that reveal the full account number for her banking account. Accordingly, the Court **ORDERS** (1) that her Objections (Doc. 5) be sealed on the docket, and (2) that Hubbard file a redacted version of her Objections in which she redacts the account numbers. The Court further advises Hubbard that, should she choose to amend her complaint, she should take care not to reveal the entirety of her account number.

11